MISSISSIPPI·CENTRAL R. Co. v. A. D. McCLENDON et al.

[64 South. 460.]

PUNITIVE DAMAGES. *Instructions.*
  It is reversible error for the court to give an instruction author-
    izing the recovery of punitive damages where there is no wrong-
    ful act of the defendant which evinces malice, fraud, oppression
    or wilful wrong, such as is necessary to entitle plaintiff to puni-
    tive damages.

APPEAL from the circuit court of Lincoln county.

HON. D. M. MILLER, Judge.

Suit by A. D. McClendon and others against the Mississippi Central Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Truly, Ratcliff* and *Truly,* attorneys for appellant.

*Cassedy & Cassedy* and *J. W. McNair,* attorneys for appellee.

Argued orally by *Jeff Truly,* for appellants.

REED, J., delivered the opinion of the court.

On August 29, 1907, appellees, abutting owners, brought suit against appellant for injury to their lot of land by the construction and operation of appellant's railroad across a street and for a short way on another street in the residence part of the city of Brookhaven, and recovered two hundred and fifty dollars damages. Shortly after the final disposition of that case, appellees filed the present suit against appellant to recover for like injuries sustained after August 29, 1907. A verdict was rendered in appellees' favor for three thousand dollars. This amount was reduced by the trial judge to five hundred dollars.

A review of all of the facts in the case convinces us that there is no evidence of injury to appellees to support this verdict. It may be that appellees were, under the state of facts, entitled to recover nominal damages, seeing that their action is for tort, being a claim for damages for trespass charged to have been committed subsequent to the trespass in the first case. Plaintiff's proof, however, fails to show any damage which sustains the award of the jury, even to the reduced amount.

Appellees claimed that they were entitled to punitive damages. The court granted an instruction authorizing the recovery of such damages. This was error. The record does not disclose any wrongful act on the part of appellant which evinces malice, fraud, oppression, or willful wrong, such as is necessary to entitle appellees to punitive damages.

*Reversed and remanded.*